CUTRER, Judge.
The defendant was charged by bill of information with aggravated battery in violation of LSA-R.S. 14:34. After making bond on the above charge defendant left the state and failed to appear before the trial court on the date assigned; subsequently, defendant was also charged with “jumping bail” in violation of LSA-R.S. 14:110.1. Upon his return to Louisiana defendant pleaded guilty to attempted aggravated battery, LSA-R.S. 14:27 and LSA-R.S. 14:34, and jumping bail. The trial court ordered and received a pre-sentence investigation and defendant was sentenced to three years on the battery charge and one year for the jumping bail, the sentences to be served consecutively.
Defendant brings this appeal alleging that each sentence is excessive.
Defendant contends that the trial judge failed to follow the sentencing guidelines contained in Art. 894.1 of the Code of Criminal Procedure and that the reasons stated by the trial court for imposing the respective sentences in each case were not supported by the information found in the pre-sentence report. It is further contended that, had the 894.1 guidelines been considered fully and the evidence in the pre-sentence report reviewed in light of the guidelines, defendant would have received a less severe sentence on each charge.
We will discuss the facts surrounding the instant charges and the information contained in defendant’s pre-sentence investigation along with the trial judge’s reasons for sentencing and Louisiana jurisprudence regarding sentencing in order to determine whether the trial court erred.
FACTS CONCERNING THE INSTANT CHARGES
On or about March 15, 1981, the defendant, along with several other persons, attended a party in a mobile home park in Vernon Parish, Louisiana. Apparently everyone at the party had been drinking. At some point the defendant left the party and obtained a shotgun. The defendant then waited outside of the trailer and shot the next person who emerged. The record does not reflect any motive whatsoever for this violent assault. The victim was struck in the face and suffered severe wounds; the victim spent approximately eighteen months in the hospital and suffered considerable physical deformity. The victim is scheduled to undergo surgery in the future to correct injuries inflicted by the defendant.
*1253 After being arrested and charged for the above conduct, defendant made bond through a local bonding company. The defendant was scheduled to appear before the district court on October 5, 1981. Defendant failed to appear and he was subsequently charged with jumping bail. The company which wrote defendant’s bond on the aggravated battery charge located the defendant in Massachusetts and, after much effort and expense, returned him to Louisiana.
On November 5, 1982, the defendant entered a plea of guilty to a reduced charge of attempted aggravated battery and to the charge of jumping bail. At that time the trial judge ascertained that the defendant’s plea was made freely and voluntarily and, after accepting the pleas, the trial judge deferred sentencing pending the receipt of a pre-sentence investigation.
THE PRE-SENTENCE INVESTIGATION
The defendant was born in New York, New York, and grew up in what was described by the New York social worker as “probably the most deteriorated area in the Bronx.” Defendant was a member of at least two street gangs during his youth. Defendant’s mother had the defendant committed to the Hampton Training School in Hampton, New York, in 1969, when defendant was fifteen years old, for a two year term. Defendant’s criminal record from 1971 to date, beginning almost immediately upon his release from Hampton, reflects a total of sixteen arrests. The offenses for which defendant was arrested range from disorderly conduct and trespassing to various drug charges, assault with a deadly weapon (two occurrences) and attempted murder.
The Louisiana Division of Probation and Parole, which compiled the pre-sentence report, was only able to obtain information on the disposition of four of the arrests mentioned above. The defendant served ten days in jail for the criminal trespass charge; two charges of possession of stolen property, along with charges of unlawful possession of a vehicle identification number and attempted grand larceny, auto, were dismissed and the attempted murder charge was reduced to assault to which defendant pleaded guilty. The remainder of the charges, all from either New York or Boston, Massachusetts, do not list disposition in any manner.
The defendant is married and the father of two small children. His wife and children are currently living with his wife’s mother in Boston. Defendant’s wife indicated that the defendant was a good husband and father and that, since their marriage, he had not “had any problems with the law.” (The defendant’s record indicates otherwise.)
The defendant originally came to Louisiana as a member of the United States Army. Several of his superiors at Fort Polk, Louisiana, indicated the defendant used drugs and was disrespectful and non-cooperative. The defendant went AWOL from the Army when he jumped bail in the instant case and has since been discharged.
The pre-sentence report correctly noted that, because this was defendant’s second felony conviction, the other being the New York assault charge, defendant is not eligible for probation. (See: LSA-C.Cr.P. 893.) Defendant owes the company which provided his original bond $8,047.62 for expenses incurred in bringing him back to Louisiana and he currently owes the victim of the shotgun assault $375.00 for expenses the victim has incurred. (The victim was a Sergeant in the Army and evidently the Army has taken care of his medical bills, otherwise defendant would also owe these to the victim.)
TRIAL JUDGE’S REASONS
On January 24, 1983, the trial judge held a sentencing hearing. The pre-sentence report was made available to all parties and a copy of it was filed in the record. After detailing the charges against the defendant the trial judge asked defendant’s counsel if there was anything he wished to present on behalf of defendant. At that point defendant’s counsel introduced a letter from one *1254 of the parish deputies which indicated defendant had been a “good prisoner and has caused no trouble during his confinement.” Defendant’s counsel also reiterated to the court that defendant was married and a father and that defendant’s family were dependent upon him for their support. The trial judge accepted the letter from the jailer and acknowledged defendant’s marital and family status. Then the trial judge gave his reasons for sentencing.
The trial judge began his reasons by noting the serious harm caused by the defendant. The victim of defendant’s unprovoked attack was seriously injured and has suffered permanent disfigurement; also, the possibility of such harm occurring as a result of defendant’s activities must have been apparent to the defendant. The trial judge noted the substantial sums expended by both defendant’s original bonding agent and the State of Louisiana in securing defendant’s return to Louisiana; the judge also pointed out that neither victim of defendant’s activities has been compensated.
The next topic addressed by the trial judge was the defendant’s criminal record. The trial judge listed the various types of charges which had been brought against the defendant in the past, including the two assaults with a deadly weapon arrests and the attempted murder arrest, and noted that the instant charge arose out of conduct by the defendant which was not “unique, unusual or unlikely to occur.” The trial judge again noted the unprovoked nature of the attack along with the defendant’s background and record and stated that he felt the defendant would commit other crimes if allowed to remain free.
Once again, before actually passing sentence, the trial judge asked defendant’s counsel if there was anything to be added in defendant’s favor. Defendant’s counsel indicated he did not think his client was a second felony offender but, after reviewing defendant’s record and consulting with the defendant, counsel acknowledged that defendant indeed had a prior felony conviction. At that point defendant’s counsel indicated he had nothing further to add on defendant’s behalf.
In passing sentence the trial judge said that he did not consider probation as a viable alternative for this defendant. (In fact, the Louisiana Code of Criminal Procedure would prohibit probation in this case.) The trial court then sentenced defendant to three of a possible five years on the attempted aggravated battery charge and to one of a possible two years on the jumping bail charge.
EXCESSIVE SENTENCES
At this point several rules are clearly established in our law concerning excessive sentences: A sentence, even one within statutory limits, may be found to be excessive if it is out of all proportion to the severity of the crime and shocks the sense of justice of this court. Also, trial judges must articulate at least some basis for their sentence to comply with 894.1 and assure that each sentence is individualized as to that particular defendant.
Although the trial judge did not specifically mention art. 894.1 in his statements during sentencing it seems clear to this court that the guidelines established by that article were considered. Neither of the sentences received by the defendant were maximum sentences under the respective statutes and, even being served consecutively, we find that neither sentence is excessive.
Another portion of defendant’s argument to this court involves the use by the trial judge of defendant’s extensive arrest record when only two, at most, convictions were reflected. We find no error in the trial judge’s actions. As was stated in State v. Washington, 414 So.2d 313, 315 (La.1982):

“[T]he sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Douglas, 389 So.2d 1263 (La.1980). Prior criminal activity is one of the factors under art. 894.1 to be considered by the 
*1255
trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Brown, 410 So.2d 1043 (La.19820.”

An appropriate statement concerning this argument is also found in State v. Williams, 412 So.2d 1327, 1328 (La.1982), where the Louisiana Supreme Court stated:

“[t]he choice of sentences within the statutory range lies within the sound discretion of the trial judge, subject only to the constitutional prohibition against excessive sentences. Here, the trial judge carefully articulated the basis for the sentence after considering appropriate factors, including defendant’s history of criminal activity.

[1]

The sentences are not excessive. Article 894.1 has been complied with.
For these reasons, the convictions and sentences are affirmed.
AFFIRMED.

 Both arrests and convictions may be considered in imposing sentence, as long as defendant, as here, is given notice of the derogatory information and is afforded a chance to speak in mitigation. In some cases it may be preferable to ascertain the factual basis for an arrest from such sources as police reports or presentence investigation reports. The sources of information upon which trial judges may draw in determining an appropriate sentence must be wide and varied, and not subject to the normal restrictions imposed in the guilt determination phase of the proceedings. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).”