PER CURIAM.
Defendant, Lloyd Carr, pled guilty to one count of aggravated battery, LSA-R.S. 14:34, pursuant to an agreement with the state and the court that the sentence, would not'exceed five years at hard labor. The charge arose from the victim sustaining two gunshot wounds, one in the chest and one in the leg. On appeal, the imposed five-year term of imprisonment is challenged as excessive. We affirm.
Despite defendant’s present assertion of excessiveness, he cannot complain with respect to incarceration ordered within the limits of his plea agreement. As stated in LSA-C.Cr.P. Art. 881.2(A)(2):
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
See also La.S.G. § 301; State v. Brooks, 614 So.2d 788 (La.App. 2d Cir.1993).
As further explained in the Louisiana Sentencing Guidelines Manual, 1993 Edition, at pp. 9 and 10:
[N]o further justification is required under the Guidelines if a guilty plea agreement is reached by the parties and submitted to the court with a recommendation regarding a particular sentence or a range or “cap.” [Footnote omitted.] The Guidelines and the 1991 implementing legislation adopt the view that a sen-fence in a particular case, which is acceptable to the prosecutor, defense counsel, and the trial court, should not be subjected to scrutiny by a reviewing court. [Footnote omitted.]
Here, based upon the arrangement specifically set forth in the record, the state and defendant agreed to a sentencing cap of five years at hard labor; and, the trial court accepted that plea bargain. Thus, defendant is now precluded from assailing, as excessive, a sentence within the range to which he himself assented.
The conviction and sentence are affirmed.
AFFIRMED.