MARVIN, Chief Judge.
After bargaining to plead guilty as charged to manslaughter in return for a sentence cap of eight years at hard labor, Floyd L. Hodge appeals his sentence to six years at hard labor. LRS 14:31.
The facts may be summarized. In February 1992, Hodge was a 46-year-old first offender, married with two teen-aged children. Leaving an argument in the street with his neighbor about the neighbor’s barking dog, Hodge went into his home and returned with his .22 rifle. After further physical confrontation and firing one or more shots into the ground, Hodge shot his neighbor three times. The wounds proved fatal about two hours later.
THE ASSIGNMENT
Hodge contends that the trial court “erred in considering the sentencing guidelines as requiring a mandatory term of incarceration, and that due to this error, he received an excessive ... sentence.”
Hodge recognizes that the six-year sentence, which falls within the range of the sentencing cap of eight years and within the range of grid cell 1-G (60-90 months), under the circumstances of this manslaughter and this defendant, is not reviewable on the *904 grounds of excessiveness. We agree. CCrP Art. 881.2 A(2) clearly states that he “cannot appeal or seek review of a sentence imposed in conformity with a plea agreement ... set forth in the record at the time of the plea.” See also Louisiana Sentencing Guidelines Manual, pp. 9-11; FSG § 301; State v. Derrick B. Smith, 25681, — So.2d - (La.App. 2d Cir. 2/24/94); State v. Carr, 622 So.2d 1212 (La.App.2d Cir.1993), and State v. Brooks, 614 So.2d 788 (La.App. 2d Cir.1993), writ denied.
We shall not consider the argument that the sentence is excessive. We shall limit our review solely to Hodge’s claim that the trial court erred in considering that the felony sentencing guidelines required a mandatory term of imprisonment.
DISCUSSION
We emphasize what the trial court stated to Hodge:
I am sure you have been made aware that under the sentencing guidelines a term of incarceration is mandatory. I mention this because I have received a number of letters ... [asking] that you be given a suspended sentence. Under the sentencing guidelines, grid 1-G, you could receive a minimum of sixty months and a maximum of ninety months at hard labor. Now, following the sentencing guidelines ... we state first that you cannot be given a suspended or probated sentence.
Finding Hodge to be “in need of some correctional treatment,” the court also considered mitigating factors. After concluding that Hodge was not likely to commit other crimes, the court again stated, “We cannot give a probated sentence on this particular charge ... ”.
A mandatory sentence to imprisonment was not required in February 1992 by either the FSG Grid Cell 1-G, or the manslaughter statute, LRS 14:31. See also FSG § 207 B. Compare, however, CCrP Arts. 893-893.5. Art. 893.1 allows the district attorney to formally move for imposition of sentence under Art. 893.3 prior to trial of a felony in which a firearm was used. If the court finds, after a hearing, that a firearm was used, the sentence “shall not be suspended.” Art. 893.3 B.
The district attorney did not seek or suggest imposition of mandatory incarceration under Art. 893.1 in this record. While we do not consider whether the sentence is excessive, we agree that the trial court erred in stating the sentencing guidelines required mandatory imprisonment. Solely for that reason, and not because we consider the sentence excessive, we shall reverse the sentence and remand for resentencing in accord with law.
DECREE
The sentence is set aside. The case is remanded for resentencing.