648 So.2d 426 (1994)
STATE of Louisiana, Appellee,
v.
David Chad RICE, Appellant.
No. 26478-KA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
Rehearing Denied January 19, 1995.
J. Michael Small, Jesse B. Hearin, III, Alexandria, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Terry R. Reeves, Dist. Atty., Martin S. Sanders, Jr., Asst. Dist. Atty., Winnfield, for appellee.
*427 Before SEXTON, HIGHTOWER and VICTORY, JJ.
Brown, J. dissents from denial of rehearing with written reasons.[*]
SEXTON, Judge.
Defendant, David Chad Rice, responded to a second degree murder indictment by pleading to manslaughter. The plea bargain "capped" his maximum sentence at 18 years. The district court subsequently imposed 15 years, which is an upward departure from the sentencing guidelines. Subsequent to the sentencing, the trial judge stated for the record that during the plea conferences, there was an explicit understanding that the defendant would be allowed to appeal any sentence imposed. The defendant now appeals, asserting that the sentence is excessive. We reverse the conviction and sentence, vacate the plea agreement and remand the case to the trial court for further proceedings in accordance with this opinion.
The defendant pled guilty with a bargained-for cap on November 29, 1993, and was sentenced within the cap on January 18, 1994. On February 16, 1994, the defendant filed a supplemental motion to reconsider wherein he observed that, according to "recent developments in the relevant law of the Second Circuit Court of Appeal," he may not be able to seek review of his sentence, citing State v. Carr, 622 So.2d 1212 (La.App. 2d Cir.1993). On that same day, the court supplemented the record in open court and stated:
[T]he defendant pled with the understanding that he would be able to appeal that sentence. For the record, throughout that process and in conferences in chambers involving both the state and the defense there was an explicit understanding that although the court capped the sentence at eighteen years and ultimately sentenced Mr. Rice to fifteen years imprisonment at hard labor that he would be allowed to appeal any sentence imposed by this court as excessive.
LSA-C.Cr.P. Art. 881.2 (A)(2) clearly provides that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Article 881.2 became effective on January 31, 1992. In State v. Brooks, 614 So.2d 788 (La.App. 2d Cir.1993), writ denied, 619 So.2d 577 (La.1993), decided nine months before the defendant entered his plea bargain, this court held, in accordance with the Article 881.2, that a defendant who enters a plea bargain with a sentencing cap and is sentenced within the cap cannot appeal his sentence. We reached the same conclusion in State v. Carr, 622 So.2d 1212 (La.App. 2d Cir.1993); State v. Smith, 622 So.2d 1199 (La.App. 2d Cir.1993); and State v. Hawkins, 615 So.2d 1367 (La.App. 2d Cir.1993), writs denied, 624 So.2d 1223, 1224 (La.1993). The instant case differs from the above-cited cases in that at the defendant's plea, the prosecutor, the court, and the defendant all understood that the defendant would have the right to appeal regardless of the sentence received.
The defendant cites State v. Washington, 557 So.2d 368 (La.App. 4th Cir.1990), writ denied, 561 So.2d 114 (La.1990), for the proposition that the "unusual circumstances" presented here dictate that we should review the sentence. In Washington, the appellate court considered the defendant's appeal, even though the sentencing colloquy indicated that the defendant agreed to the specific sentence. The court addressed the judiciallycreated rule in existence prior to the Louisiana Sentencing Guidelines to the effect that where a specific sentence has been agreed on, no appeal could be taken. The court concluded that the "unusual circumstances" of that case mandated a review of the sentence because the court had serious doubt that the defendant understood the plea bargain.
In this case, we are not confronted with a jurisprudential rule, but with a clear legislative enactment. There is no question that the defendant understood that he was bargaining for a sentencing cap. A plea bargain with a cap, reserving the right to appeal, is contrary to specific statutory law. See LSA-C.Cr.P. Art. 881.2 A(2).
*428 A plea bargain is a contract between the state and one accused of a crime. State v. Nall, 379 So.2d 731 (La.1980); State v. Waguespack, 589 So.2d 1079 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La. 1992). In viewing a plea bargain as a contract, the Louisiana Supreme Court has evaluated guilty plea agreements under general Civil Code rules of obligations. See, e.g., State v. Lewis, 539 So.2d 1199 (La.1989).
An obligation or contract cannot exist without a lawful cause. LSA-C.C. Art. 1966. Cause is the reason why a party obligates himself. LSA-C.C. Art. 1967. In the instant case, it is obvious that one of the reasons why the defendant entered the plea bargain was that he would have the right to appeal any sentence the court imposed. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. LSA-C.C. Art. 1968. A contract is absolutely null when it violates a rule of public order. LSA-C.C. Art. 2030. Because the plea agreement, if enforced, would produce a result prohibited by law and violate a rule of public order, it is absolutely null.
Stated differently, the legislature has indicated that in cases where the defendant has agreed to a sentence cap or to a specific sentence, no appeal should lie. If we were to review the sentence and thereby implicitly countenance this bargain which allowed an appeal after an agreed-to sentence, we would circumvent the legislative will. Obviously, then, this device of bargaining for a sentence and preserving the right to appeal would become more and more in use, contrary to the intent of the redactors or the legislature. See CHENEY C. JOSEPH, JR. ET AL, Introduction to LOUISIANA SENTENCING GUIDELINES MANUAL, III(B), 9-11 (West 1993). Therefore, because we conclude we cannot and should not review the defendant's sentence, his plea made with the understanding that he could appeal the bargained-for sentence should be set aside.
Accordingly, we reverse the conviction and sentence of the trial court, vacate the plea, and remand the case to the trial court for further proceedings.
REVERSED, VACATED, AND REMANDED.
BROWN, J., dissenting from denial of rehearing.
MARVIN, J., dissents for reasons by BROWN, J.

ON REHEARING
BROWN, Judge, dissenting from denial of rehearing.
Defendant negotiated a bargain with the state that significantly lowered his sentencing exposure. First, by reducing a second degree murder indictment (mandatory life imprisonment) to manslaughter (maximum sentence of 40 years); and second, by agreeing to a sentence cap with maximum exposure of 18 years. Further, defendant extracted the right to appeal any sentence within the 18 year cap as excessive.
Louisiana's constitution, as interpreted by the supreme court, grants to a criminal defendant the right to have his sentence reviewed for excessiveness. A legislative act, such as LSA-C.Cr.P. Art. 881.2 (A)(2), cannot supplant the constitution.
Art. 881.2 (A)(2), however, applies to an agreement for a specified sentence. There is no such agreement in the instant case and Art. 881.2 (A)(2) is inapplicable. Defendant did not plead guilty to an agreed-upon sentence. Instead, he pled guilty to a reduced charge with a sentence cap.
Finding that a review of defendant's sentence for constitutional excessiveness is "prohibited by law" and "violate[s] a rule of public order" is wrong. The constitution mandates the review and public order is best served by a decision rather than a repeat of the journey down a road already traveled. The contract agreed to by defendant included his right to appeal any sentence as excessive. Everyone but this court is ready to fulfill that contract. This case is analogous to State v. Crosby, 338 So.2d 584 (La.1976), and its progeny, which allow defendants to enter qualified guilty pleas while reserving the right to appellate review of pre-plea errors.
*429 As noted by Justice Frankfurter in Watts v. Indiana, 338 U.S. 49, 52, 69 S.Ct. 1347, 1349, 93 L.Ed. 1801 (1949), "There comes a point where the court should not be ignorant as judges of what we know as men." The sentence is clearly not excessive by constitutional standards and should be affirmed.
NOTES
[*] Marvin, J., joins.