692 So.2d 666 (1997)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jeffrey Michael PLANCO, Defendant-Appellant.
No. 96-812.
Court of Appeal of Louisiana, Third Circuit.
March 26, 1997.
*667 Michael Harson, Lafayette, Keith A. Stutes, Asst. Dist. Atty., for State.
Lee Andrew Gallaspy, for Jeffery Michael Planco.
Before DOUCET, C.J., and WOODARD and GREMILLION, JJ.
GREMILLION, Judge.
The defendant, Jeffrey Michael Planco, was charged with attempted armed robbery, criminal conspiracy, and aggravated battery, and pled guilty to the charges pursuant to a plea agreement with bargained-for maximum sentence caps. As part of the plea agreement, the State and Defendant agreed that his plea would be conditioned on his right to appeal the final sentence. The trial court sentenced Defendant to twenty years at hard labor without benefit of probation, parole or suspension of sentence on the attempted armed robbery charge, twenty years on the conspiracy charge, and ten years on the aggravated battery charge, all to run concurrently. Defendant now appeals his sentence. We affirm.

FACTS
On June 12, 1995, between 9:00 and 9:15 a.m., Defendant approached Sidney Babin, Jr. as he was leaving Premier Bank in Lafayette and asked him for a ride. When Babin refused, Defendant stabbed him four times with a steak knife in an attempt to take money from him.
In a recorded statement, Tiffani Kim Leblanc, a witness who was an employee at Premier Bank, indicated that she saw Defendant prior to the incident, walking around the parking lot of the bank before business hours, at approximately 8:40 a.m. She saw him cross the street and get into the passenger side of a white truck that was parked there, after which, the truck drove off. A short time later, Defendant returned to the bank.
In his statement, Defendant admitted that he went to the bank to commit a robbery and that he was brought there by a male driving a white pick-up truck. After the attempted robbery, several bystanders circled and detained Defendant until the police arrived.
*668 When Defendant entered his guilty plea, he acknowledged that there was someone else with him at the time of the attempted robbery.
Defendant was charged by bill of information with conspiracy to commit armed robbery, in violation of La.R.S. 14:26 and La. R.S. 14:64; attempted armed robbery, in violation of La.R.S. 14:27 and La.R.S. 14:64; and aggravated battery, in violation of La. R.S. 14:34. Initially, Defendant entered pleas of not guilty to all the charges, but eventually withdrew those pleas and entered pleas of guilty as charged. Before accepting the plea of guilty, the trial court fully Boykinized him, informing him of the maximum possible penalty for each crime.
On March 22, 1996, the trial court sentenced Defendant to a term of twenty years at hard labor without benefit of probation, parole, or suspension of sentence on the charge of attempted armed robbery, twenty years on the charge of conspiracy to commit armed robbery charge, and ten years at hard labor on the charge of aggravated battery. All of the sentences were to run concurrently. Defendant orally moved for reconsideration of his sentence at that time and subsequently filed a written Motion to Reconsider Sentence. That motion was denied by the trial court.

ASSIGNMENTS OF ERROR
The defendant claims the following four assignments of error:
1. The trial court committed error by not adequately considering all of the factors of the Louisiana Sentencing Guidelines, and as set forth in Code of Criminal Procedure Article 894.1, thus rendering Defendant's sentence of twenty years, without benefit of parole, probation or suspension statutorily and constitutionally excessive.
2. The trial court committed error by not adequately considering all of the mitigating factors presented at the Defendant's sentencing hearing of March 22, 1996, thus rendering Defendant's sentence of twenty years, without benefit of parole, probation or suspension statutorily and constitutionally excessive.
3. The trial court committed error by not granting the Defendant's Motion to Reconsider Sentence, under the provisions of Code of Criminal Procedure Article 881.1, thus permitting a statutorily and constitutionally excessive sentence to remain in effect.
4. The trial court committed error in denying the Defendant's Motion for New Trial, pursuant to Code of Criminal Procedure Articles 851-858, in that the guilty plea to the conspiracy count is in fact and in law contrary to the law and evidence and the ends of justice would be served by granting a new trial as to the conspiracy count.

ASSIGNMENTS OF ERROR NUMBER ONE, TWO, AND THREE
Defendant raises three assignments of error relating to the issue of excessive sentence. Specifically, he complains that his sentences are "statutorily and constitutionally" excessive. Initially, we must determine if La.Code Crim.P. art. 881.2 is applicable to the present case. Article 881.2(A)(2) provides, "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Defendant entered a plea with a maximum sentence stipulated not to exceed twenty-five years. The particular plea agreement stated that Defendant was pleading guilty to conspiracy to commit armed robbery and attempted armed robbery. At the bottom of the plea agreement, there are handwritten notes which state, "[t]wenty-five years hard labor, without benefit of parole, probation, or suspension of sentence, credit for time served, concurrent with any other sentence. Presentence investigation, Cap of 25 years, Reserving appeal of ultimate sentence imposed." A plea agreement which allows for a sentence within a specified range is valid under Article 881.2(A)(2). State v. Young, 96-0195 (La.10/15/96); 680 So.2d 1171.
As stated above, La.Code Crim.P. art. 881.2(A)(2) prohibits a review of a sentence imposed pursuant to the plea agreement, and in Young, 680 So.2d at 1174, the Louisiana *669 Supreme Court held that, "[i]t is clear the legislature intended La.C.Cr.P. art. 881.2(A)(2) to apply to plea agreements involving both specific sentences and sentencing caps."
In reviewing the record of this case, we recognize that the sentencing transcript clearly indicates that Defendant reserved the right to appeal his sentence in the plea agreement. Furthermore, it is unequivocal that the trial court and the State recognized and agreed to the reservation. In that connection, the trial court stated: "You are reserving the right to appeal the ultimate sentence. Whatever the sentence is, you are reserving the right to appeal the number of years that you would be in prison. That's what you are reserving your right, after discussing it with your attorney." (Emphasis added.)
The Second Circuit Court of Appeal has addressed whether a defendant can reserve the right to appeal his sentence in the plea agreement. In State v. Rice, 26,478 (La.App. 2 Cir. 12/7/94); 648 So.2d 426, writ denied, 95-0431 (La.6/16/95); 655 So.2d 340, the defendant was charged with second degree murder, but pled guilty to manslaughter in response to a plea bargain. The terms of the plea agreement stated that the defendant would receive a sentence of not more than eighteen years, and the trial court stated for the record that the defendant reserved the right to appeal any sentence that was imposed.
The facts in Rice are identical to those in the case sub judice in that "at the defendant's plea, the prosecutor, the court, and the defendant all understood that the defendant would have the right to appeal regardless of the sentence received," and there was "no question that the defendant understood that he was bargaining for a sentencing cap." Id. at 427. The trial court subsequently imposed a fifteen-year sentence which departed from the sentencing guidelines, and the defendant appealed this sentence on grounds of excessiveness. The court did not, however, conduct an excessiveness review of defendant's sentence. Because a plea bargain is a contract between the state and the accused, the Louisiana Supreme Court directs appellate courts to evaluate plea agreements under the Louisiana Civil Code rules of obligations. State v. Nall, 379 So.2d 731 (La.1980); State v. Louis, 94-0761 (La.11/30/94); 645 So.2d 1144. Pursuant to this analysis, the court concluded that: "A plea bargain with a cap, reserving the right to appeal, is contrary to specific statutory law." Id. (citing La.Code Crim.P. art. 881.2 A(2)).
An obligation or contract cannot exist without a lawful cause. LSA-C.C. Art. 1966. Cause is the reason why a party obligates himself. LSA-C.C. Art.1967. In the instant case, it is obvious that one of the reasons why the defendant entered the plea bargain was that he would have the right to appeal any sentence the court imposed. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. LSA-C.C. Art.1968. A contract is absolutely null when it violates a rule of public order. LSA-C.C. Art.2030. Because the plea agreement, if enforced, would produce a result prohibited by law and violate a rule of public order, it is absolutely null.
Rice, 648 So.2d at 428 (emphasis added). The Second Circuit based its rationale on the principles of contract law and vacated the plea bargain on its own motion remanding the case to the trial court, stating: "[B]ecause we conclude we cannot and should not review the defendant's sentence, his plea made with the understanding that he could appeal the bargained-for sentence should be set aside." Id.
We respectfully disagree with our colleagues in the Second Circuit and reject the majority opinion in Rice. We find that the cause of the obligation (the reservation of the right to appeal the sentence as excessive) is not unlawful, and hold that the enforcement of the obligation would not produce a result prohibited by law or against public policy. We do, however, agree with the court in Rice when it states "the legislature has indicated that in cases where the defendant has agreed to a sentence cap, or a specific sentence, no appeal should lie." While Article 881.2(A)(2) clearly states a defendant cannot appeal a sentence imposed under a plea agreement, it *670 does not prohibit the defendant from entering a plea agreement where he may reserve his right to appeal his sentence as excessive. For this court to hold otherwise would have a chilling effect on plea agreements and subsequent appeals of certain criminal defendants.
In this case, Defendant was exposed to a potential sentence totaling ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence, plus ten years at hard labor.[1] Instead, he reached an agreement with the State whereby he would plead guilty to all charges and face a maximum sentence of twenty-five years in addition to reserving his right to appeal the sentences. The trial court responded by sentencing Defendant to only twenty years of total incarceration. If Defendant refused the plea agreement with the twenty-five year cap, he would have exposed himself to the possibility of three separate trials and a sentence five times longer than the one he received. For this court to now refuse to review the sentence for excessiveness puts the Defendant in the precarious situation of agreeing to the twenty-five year sentence cap, even though it may be constitutionally excessive, with no hope of appellate review, or to refuse the plea agreement and expose himself to prosecution and sentence as set forth above. We should not reject the bargain made by the Defendant. Please note the dissent in Rice which reads:
Finding that a review of defendant's sentence for constitutional excessiveness is "prohibited by law" and "violate[s] a rule of public order" is wrong. The constitution mandates the review and public order is best served by a decision rather than a repeat of the journey down the road already traveled. The contract agreed to by the defendant included his right to appeal any sentence as excessive. Everyone but this court is ready to fulfill that agreement. This case is analogous to State v. Crosby, 338 So.2d 584 (La.1976), and its progeny, which allows defendants to enter qualified guilty pleas while reserving the right to appellate review of pre-plea errors.
As noted by Justice Frankfurter in Watts v. Indiana, 338 U.S. 49, 52, 69 S.Ct. 1347, 1349, 93 L.Ed. 1801 (1949), "There comes a point where the Court should not be ignorant as judges of what we know as [people]."
Id. at 428.
We are cognizant of the ruling of the supreme court in Young, 680 So.2d 1171, but do not find it controlling in the case at hand. In Young, the defendant did not reserve his right to appeal his sentence as excessive as did Defendant herein. Further, we would analogize Defendant's reservation of the right to appeal his sentence as excessive to those reservations set forth in State v. Crosby, 338 So.2d 584 (La.1976). To refuse to review the excessiveness of the sentence defeats the very essence of the conditional plea bargain procedure. "The normal function of the procedure is to avoid the delay of a trial on the merits (and the useless cost to the judicial system, the witnesses, the jurors, and the accused) by affording immediate review, without trial on the merits," of a sentence for excessiveness. Id. at 591.
Finally, we find that Article 881.2(A)(1) does not prohibit such a plea agreement, particularly when viewed in the light of the Louisiana Constitution, as interpreted by the Louisiana Supreme Court, which prohibits excessive sentences. Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment," and a sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). If a reviewing court finds that a penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering then that sentence is excessive. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). Therefore, the *671 legislature by legislative act cannot defeat the constitutional mandate which allows a criminal defendant the right to appeal his sentence as excessive. Thus, we find that an appeal lies where a defendant agrees to a sentencing cap with a reservation of his right to appeal the sentence as excessive, and that Article 882(A)(1) does not prohibit an appeal where the defendant makes such a reservation in a plea agreement.
As we have stated, the Louisiana Constitution as interpreted by the Louisiana Supreme Court prohibits excessive punishment. However, the trial court is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
Defendant was sentenced to twenty years at hard labor on the charge of conspiracy to commit armed robbery. The maximum sentence for conspiracy to commit armed robbery is forty-nine and one-half years.[2] Additionally, the trial court sentenced Defendant to twenty years at hard labor without benefit of probation, parole, or suspension of sentence for attempted armed robbery. The maximum sentence for attempted armed robbery is also forty-nine and one-half years.[3] The court also sentenced Defendant to ten years for the aggravated battery. The maximum sentence for aggravated battery is a fine of not more than five thousand dollars, imprisonment with or without hard labor for not more than ten years, or both. La.R.S. 14:34
The legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the trial court to "state for the record the considerations taken into account and the factual basis used when imposing a sentence." The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
The trial court denied Defendant's Motion to Reconsider Sentence. In his motion, Defendant alleged the trial court did not adequately consider mitigating factors such as: his first offender status, his potential exposure to criminal activity against him by individuals located in his former home state of Connecticut, his lack of capacity to form an intent due to his chemical intoxication, and his efforts to rehabilitate himself, to show remorse, and to cooperate with the investigating police authorities.
During Defendant's sentencing on March 22, 1996, the trial court stated that it understood why Defendant presented seven witnesses to speak on his behalf, but also stated, "at the same time, I feel that the defendant is a dangerous person because maybe of his drug addiction; I'm not sure. I feel that if he were released, that there is a real risk that he could commit other crimes or that he would commit other crimes." About the sentence, the trial court stated that it "had come in looking at the offense report wanting to give the full 25 years. But the Court will reduce that to 20. And the Court sentences him to 20 years hard labor without the benefit of probation, parol [sic], or suspension of offense." Clearly, the trial court considered Defendant's mitigating circumstances *672 but felt that he deserved substantial punishment as he was capable of committing other crimes. When we consider that, together with the heinous nature of the crime herein, a sentence of twenty years at hard labor without benefit of parole, probation, or suspension of sentence does not shock our sense of justice. In fact, the sentence makes a measurable contribution to acceptable penal goals, and is not simply the needless imposition of pain and suffering.

ASSIGNMENT OF ERROR NUMBER FOUR
Defendant assigns as error the trial court's denial of his Motion for New Trial on the conspiracy count. In that motion, which Defendant filed at the sentencing hearing, he asserts that the State did not have additional evidence, independent of Defendant's custodial statements, to support the guilty plea. When Defendant pled guilty, he admitted to the trial court that he was with somebody else and was going to rob a potential victim. At Defendant's sentencing hearing, the District Attorney revealed the contents of Defendant's statement, which said he attempted to get back to the pickup truck that was waiting for him, but that individual had taken off. Leblanc gave a statement in which she stated she observed Defendant at the entrance of the Premier Bank on Moss Street. She stated she saw Defendant walk across the parking lot to a street which runs parallel to Moss Street. She observed Defendant walk to a compact, white truck, which was parked on that street, and get into the passenger side of the truck which then drove away.
Since Defendant pled guilty to the conspiracy charge, there was never an actual trial on that issue. However, Defendant filed a Motion for New Trial. Where the defendant has pled guilty, a motion for new trial is inappropriate but should be treated as a motion to withdraw a guilty plea. State v. Jenkins, 419 So.2d 463 (La.1982). La.Code Crim.P. art. 559 allows the trial court to permit a withdrawal of a guilty plea at any time prior to sentence. The trial court has great discretion with respect to withdrawal of a guilty plea, which may not be exercised arbitrarily and can be corrected on appeal. State v. Compton, 367 So.2d 844 (La.1979). Prior to accepting Defendant's guilty pleas, the trial court interrogated him. It informed Defendant of the various rights he would forego by pleading guilty to the charges and ascertained that Defendant fully understood the nature of the sentences negotiated pursuant to his plea bargain. The record does not reflect that Defendant entered an involuntary guilty plea, nor does Defendant allege the involuntariness of his plea. Based on the record, Defendant's guilty pleas were valid in that they were both voluntarily and intelligently given, therefore, Defendant's plea to conspiracy will not be set aside.
Additionally, the absence of a factual basis when entering a guilty plea does not render the plea constitutionally infirm, if the plea is determined to be made knowingly and intelligently. State v. Perry, 515 So.2d 654 (La. App. 3 Cir.1987). Since we have found nothing in the record to indicate Defendant's plea was not voluntarily, knowingly, and intelligently given, his plea will not be vacated.
Finally, Defendant did not reserve his right to review his guilty plea, nor did he object when the trial court stated the facts on the conspiracy charge to Defendant during his guilty plea. At no time did Defendant put the trial court on notice concerning insufficient evidence on the conspiracy charge. In State v. Crosby, 338 So.2d 584, 591 (La.1976), the court said "a defendant will also waive his right to review of a non-jurisdictional pre-plea trial ruling unless, at the time of his plea, he expressly stipulates that he does not waive his right to review of it, the normal consequences of a guilty plea." Thus, Defendant has waived consideration of this issue. In any event, this assignment of error is without merit.

ERRORS PATENT
La.Code Crim.P. art. 920 provides for review of appeals for errors patent on the face of the record. A review of the record in the instant case reveals two such errors.
First, the trial court failed to advise Defendant at his sentencing of the three-year limitation for filing for post-conviction relief.
*673 La.Code Crim.P. art. 930.8(C). Although the trial court advised Defendant of the three-year limitation during his guilty plea, it failed to do so at the sentencing hearing. Neither the sentencing transcript nor the court minutes reflect that Defendant was given notice of the three-year limitation. Failure to inform Defendant of the prescriptive period for post-conviction relief does not constitute grounds for reversing the sentence or remanding the case for resentencing. However, the trial court should inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings. State v. McSweeney, 619 So.2d 861 (La.App. 3 Cir.1993); State v. Howard, 626 So.2d 459 (La.App. 3 Cir.1993).
Second, there is a discrepancy between the transcript and the minutes regarding Defendant's sentence. The sentencing transcript states that Defendant was sentenced to twenty years on the attempted armed robbery charge without benefit of probation, parole, or suspension of sentence; twenty years on the conspiracy charge to run concurrently; and ten years on the aggravated battery charge, also to run concurrently. The minute entry, however, states that Defendant was sentenced to twenty years at hard labor on the conspiracy charge without benefit of probation, parole, or suspension of sentence; ten years on the attempted robbery charge; and ten years on the aggravated battery charge. It is well settled that when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La. 1983); State v. Lozado, 594 So.2d 1063 (La. App. 3 Cir.1992). Therefore, this court directs the trial court to amend the minute entry to accurately reflect the sentence imposed at the sentencing hearing.

CONCLUSION
We hold that Defendant's sentence is subject to appellate reconsideration under La. Code Crim.P. art. 881.1(A)(2). Upon review, we find Defendant's sentence is not excessive nor do we find merit in his contention that there was insufficient evidence to support his guilty plea for conspiracy to commit armed robbery. We direct the trial court to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate notice within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings. In addition, the trial court is directed to amend the minute entry to reflect the sentence stated by the trial court in the sentencing transcript.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
WOODARD, J., dissents.
NOTES
[1] Forty-nine and a half years each on the attempted armed robbery, and on the conspiracy to commit armed robbery, and attempted armed robbery, and ten years on the aggravated battery.
[2] La.R.S. 14:26 provides for a fine or imprisonment, or both, in the same manner as for the offense contemplated by the conspirators; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half the longest term of imprisonment prescribed for such offense, or both. La.R.S. 14:64(B) provides that whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
[3] La.R.S. 14:27(D)(3) states, "[i]n all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both."