JjHIGHTOWER, Judge.
Bertha Hill pled guilty to the forcible rape of her eight-year-old daughter after agreeing to the imposition of a forty-year sentence, twenty years of which would be served without benefit, and with the explicit understanding that she would be able to appeal the latter portion of the sentence. After the denial of a timely motion for reconsideration, and in accord with the plea agreement, defendant appeals.
At a Bossier City motel on January 13, 1996, defendant agreed to have sex with Michael Cain for the price of ten dollars. When the highly intoxicated defendant’s body odor proved too overwhelming for Cain, she indicated he could have relations with her daughter. After Hill instructed the girl to have sex with Cain and exited the room, he engaged in sexual intercourse -with the child. The state initially arraigned defendant as a principal to aggravated rape, but reduced the charge to forcible rape in a plea agreement setting forth that Hill would be sentenced to forty years, with twenty years to be served without benefit of parole, or probation, or suspension.
Prior to the acceptance of the guilty plea, defendant’s attorney stated on the record that Hill desired to reserve the right to appeal the twenty-year portion of the sentence. Although the court allowed the proviso and the state acquiesced, appellate review of the sentence would contradict the principle enunciated in State v. Rice, 26,478 (La.App.2d Cir. 12/07/94), 648 So.2d 426, writ denied, 95-0431 (La.06/16/95), 655 So.2d 340. We ruled there that a plea bargain reserving the right to appeal an agreed upon sentence cap is contrary to La.C.Cr.P. art. 881.2 A(2) and a circumvention of the legislative will. Later, in State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, our Supreme Court extended that same rationale to both sentencing caps and “specific sentence” agreements.
In Rice, supra, we ultimately concluded that plea bargains are evaluated under the general Civil Code rules of obligations and cannot exist without a lawful cause. See La. C.C. art.1966. Further, a cause is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. La. C.C. art.1968. In the present case, one reason for defendant’s decision to plead guilty apparently included the right to appeal at least part of her sentence. Because that cause is contrary to specific *958 ^statutory law and would violate a rule of public policy if upheld, the plea agreement is absolutely null. La. C.C. art.2030. That being so, the plea is set aside.
Accordingly, we reverse the conviction and sentence of the trial court, vacate the plea, and remand the case for further proceedings.
REVERSED, VACATED, AND REMANDED.