| t GASKINS, J.
The defendant, Robert Lee Willis, was charged with attempted second degree murder. He pled guilty pursuant to a plea bargain in which the parties and the court agreed the sentence to be imposed would be no less than 15 years and no more than 25 years without benefits. The court imposed a sentence of 20 years at hard labor without benefits and denied a motion for reconsideration of sentence. We affirm.
The defendant’s court-appointed appellate attorney filed a brief and motion in this court stating that he had conscientiously and thoroughly reviewed the trial court record and found no nonfrivolous issues to raise on appeal, nor any trial court ruling which arguably would support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In addition to summarizing the procedural history and the facts of the case, the court-appointed attorney’s brief provided a detailed, reviewable assessment of whether the appeal was worth pursuing. State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders, Mouton and Benjamin, supra, appellate defense counsel also notified the defendant of his right to file a pro se brief and sought to withdraw from the case. We held the motion to withdraw in abeyance and advised the defendant of his right to file an appellate brief within 30 days of our September 29, 2003 order deferring a ruling on counsel’s motion to withdraw. The defendant did not respond to this notice.
*239 12ffe have examined all the pleadings filed in the district court, the court proceedings, the bill of indictment, and all transcripts contained in the record. The defendant was properly charged by bill of indictment which was signed by the grand jury foreperson and an assistant district attorney. The defendant was present in court and represented by counsel at all important stages of the proceedings. A review of the trial court transcripts reveals there was a factual basis for the guilty plea, that the defendant was properly advised of his rights and that he agreed to a sentence range of 15 to 25 years at hard labor without benefits. Since the sentence imposed is within that range, it cannot be appealed as excessive. La. C. Cr. P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La.App.2d Cir.12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340. The sentence imposed is lawful.
Even if we were to review the constitutionality of the defendant’s sentence, we find it is commensurate with this crime of violence. The sentence neither shocks the sense of justice nor does it constitute a purposeless and needless infliction of pain and suffering. The statutory range for the offense of conviction is not less than 10 years nor more than 50 years at hard labor without benefits. La. R.S. 14:30.1 and 14:27. The defendant received great benefit from his plea bargain. The trial court noted in its reasons for sentence that the defendant had actually used violence and a dangerous weapon in the commission of the instant offense in which the defendant had attempted to murder his paramour’s husband by slitting his throat and inflicting numerous stab wounds.
| oOur review disclosed no nonfrivolous issues and no rulings which arguably support an appeal. We also examined the record for errors patent. Finding none, we affirm the defendant’s conviction and sentence. Appellate counsel’s motion to withdraw is granted.
CONVICTION AFFIRMED; MOTION TO WITHDRAW GRANTED.