BROWN, C.J.
hJaworski Batton, originally charged with possession of marijuana with intent to distribute and conspiracy to distribute marijuana, plead guilty to attempted possession of marijuana with intent to distribute with an eight-year sentencing cap. The plea agreement included a dismissal of the conspiracy charge. The trial court imposed a sentence of four years at hard labor and denied a motion for reconsideration of sentence.
Defendant’s court-appointed appellate attorney filed a brief and motion in this court stating that she had conscientiously and thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, nor any trial court ruling which arguably would support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In addition to summarizing the procedural history, the court-appointed attorney’s brief provided an assessment of whether the appeal was worth pursuing. State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders, Mouton and Benjamin, supra, appellate defense counsel also notified the defendant of his right to file a pro se brief and sought to withdraw from the case. This court held the motion to withdraw in abeyance and advised the defendant of his right to file an appellate brief within 30 days of the July 7, 2005, order. The defendant did not respond to this notice.
The record contains minutes of the court proceedings, the bill of information, and transcripts of both the guilty plea and sentencing hearings. |2The defendant was timely charged by bill of information which was signed by an assistant district attorney. The defendant was present in court and represented by counsel at all important stages of the proceedings. A review of the transcript revealed there was a factual basis for the guilty plea, that the defendant was properly advised of his rights, and that he agreed to a sentence range of not more than eight years.
Since the sentence imposed is within that range, it cannot be appealed as excessive. La. C. Cr. P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La. App.2d Cir.12/07/94), 648 So.2d 426, unit denied, 95-0431 (La.06/16/95), 655 So.2d 340. The sentence imposed is lawful.
Even if this court were to review the constitutionality of the defendant’s sentence, there would be no merit to a claim *960 of excessiveness. The sentence neither shocks the sense of justice nor does it constitute a purposeless and needless infliction of pain and suffering. The statutory range for the offense of conviction is not more than 15 years at hard labor. La. R.S. 40:964, 40:966(A)(1), and 14:27. The defendant received great benefit from his plea bargain.
Our independent review disclosed no non-frivolous issues and no rulings which arguably support an appeal. We also examined the record for errors patent. Finding none, we affirm the conviction and sentence. Appellate counsel’s motion to withdraw is granted.
AFFIRMED.