# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-704

STATE OF LOUISIANA

VERSUS

JOHN D. SKINNER

\**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 80337
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\**********

## MARC T. AMY
## JUDGE

\**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Asa A. Skinner**
**District Attorney**
**Post Office Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Terry W. Lambright**
**Attorney at Law**
**118 S. Third Street, Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **John D. Skinner**

**AMY, Judge.**

After failing to appear for a hearing in an unrelated case, the defendant was charged with jumping bail, a violation of La.R.S. 14:110.1. As part of a plea agreement with the State, the defendant pled guilty to jumping bail and, in a separate case, theft over $500.[1] The trial court sentenced the defendant to two years at hard labor, to run concurrently with the sentence for his theft over $500 charge. Additionally, the trial court imposed restitution in the amount of $4,898.90. The defendant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

According to the record, the defendant was arrested and charged with theft over $500. Minutes from the theft case indicate that the defendant failed to appear at two hearings. Pursuant to a plea agreement, the defendant pled guilty to one count of jumping bail and, in a separate docket number, one count of theft over $500, a violation of La.R.S. 14:67. As part of the plea agreement, the State dropped several other pending charges against the defendant, including charges of principal to theft, theft of firearms, and another count of jumping bail. The State also agreed to recommend that the defendant's sentence on the jumping bail charge run concurrently with his sentence on the theft charge, and agreed not to institute habitual offender proceedings.

For the jumping bail charge, the trial court sentenced the defendant to two years at hard labor, to run concurrently with his sentence in the theft case. The trial court also imposed restitution in the amount of $4,898.90. The defendant subsequently filed a motion for reconsideration of sentence, which was denied without reasons.

---

[1] The defendant has also appealed his sentence for the theft over $500 charge. *See State of Louisiana v. John D. Skinner*, 11-703 (La.App. 3 Cir. _/_/12), __ So.3d __.

The defendant appeals, asserting as his sole assignment of error that "[t]he Trial Court erred in that the sentences imposed [ … ] are constitutionally excessive and imposed without sufficient consideration of Art. 894.1."

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent. An error patent is "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). After reviewing the record, we find no errors patent.

*Excessiveness of Sentence*

The defendant contends, in his sole assignment of error, that the trial court failed to consider the sentencing factors contained in La.Code Crim.P. art. 894.1 and that his sentence is unconstitutionally excessive.

First, we turn to the defendant's contention that the trial court failed to adequately consider the sentencing factors delineated in La.Code Crim.P. art. 894.1. The record must indicate that the trial court adequately considered the aggravating and mitigating circumstances in particularizing a defendant's sentence, but there is no requirement that the trial court list all of Article 894.1's sentencing factors. *State v. Jones*, 09-751 (La.App. 3 Cir. 2/3/10), 29 So.3d 689, *writ denied*, 10-659 (La. 3/25/11), 61 So.3d 655. Further, Article 894.1(C) requires that the trial court state on the record the factors taken into account and the factual basis for the sentence imposed.

A review of the record indicates that the trial court was privy to a pre-sentence report. Further, the trial court specifically noted that it considered the factors of Article 894.1, including the defendant's age, family history, education, employment history, history of drug and alcohol problems, and participation in a

2

drug treatment program.  The trial court additionally noted that there was economic

harm to the victim[2] and that the defendant had at least two prior felony convictions

and four misdemeanor convictions.  As a result of his plea agreement, the

defendant's sentencing exposure was substantially reduced, as the State dropped

three other pending cases, recommended that the defendant's sentences run

concurrently, and agreed not to seek the defendant's adjudication as a habitual

offender.  Given these considerations and the trial court's specific reference to the

factors it considered applicable in this case, we find the record supports a finding

that the trial court adequately considered Article 894.1.

Accordingly, we next examine the defendant's assertion that the sentence

imposed for jumping bail is unconstitutionally excessive.  The trial court imposed a

sentence of two years at hard labor, to run concurrently with the sentence imposed

in the defendant's theft case.  The trial court also imposed restitution in the amount

of $4,898.90, as ordered in the defendant's theft case.[3]  *See* La.Code Crim.P. art.

883.2.

A panel of this court reiterated the law applicable to excessive sentence

claims in *State v. Planco*, 96-812, pp. 8-9 (La.App. 3 Cir. 3/26/97), 692 So.2d 666,

670-71, stating:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel,
> excessive, or unusual punishment," and a sentence which falls within
> the statutory limits may nevertheless be excessive under the
> circumstances.  *State v. Sepulvado*, 367 So.2d 762 (La.1979); *State v.
> Naquin*, 527 So.2d 601 (La.App. 3 Cir. 1988).  If a reviewing court

---

[2] In this regard, the district attorney stated at the defendant's plea hearing that "the State would dismiss bill of information 79,520 and 521, however Mr. Skinner acknowledges these charges for the purpose of restitution.  It is my understanding, Your Honor, that the total restitution amount was four thousand eight hundred ninety-eight dollars and ninety cents.  Also, my understanding that the co-defendant, who's paid part of that, and insurance he's paid part of it [sic], so if there is any restitution, he's acknowledging it for that purpose."  At the same hearing, when questioned by the trial court, the defendant agreed that the State's recitation of the plea agreement was the agreement he had with the State.

[3] In his theft case, in addition to restitution, the defendant was sentenced to seven years at hard labor and a fine of $1,500.00.

finds that a penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering then that sentence is excessive. *State v. Campbell*, 404 So.2d 1205 (La.1981); *State v. Everett*, 530 So.2d 615 (La.App. 3 Cir. 1988), *writ denied*, 536 So.2d 1233 (La.1989).

. . . .

However, the trial court is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Howard*, 414 So.2d 1210 (La.1982).

The defendant was charged with jumping bail, a violation of La.R.S. 14:110.1. The applicable penalty for this charge is contained within La.R.S. 14:110.1(C), which states "[w]hoever commits the crime of jumping bail when the bail is to assure the presence of the defendant for those cases defined as felonies in this Title and in the Uniform Controlled Dangerous Substances Law shall be imprisoned at hard labor for not more than two years." Therefore, the defendant received the maximum sentence.

A review of comparable cases indicates that in *State v. Cruz*, 438 So.2d 1251 (La.App. 3 Cir. 1983), a panel of this court upheld a one-year sentence for jumping bail. Therein, pursuant to a plea agreement, the defendant pled guilty to attempted aggravated battery and jumping bail. For the attempted aggravated battery charge, the defendant was sentenced to three years, and for the jumping bail charge, the defendant was sentenced to one year, to run consecutively with his sentence for attempted aggravated battery. In reviewing the defendant's sentence, the appellate court noted that, although the defendant was married and had two young children, he was a second felony offender, had an extensive out-of-state criminal history, and had a history of drug use.

4

The record here indicates that, although the defendant pled guilty to only one count of jumping bail, he failed to appear at two scheduled court appearances, one on May 10, 2010 and one on May 18, 2010. Further, the defendant has several misdemeanor convictions, as well as prior felony convictions for simple burglary and two counts of theft, aggravated burglary, and attempted second degree battery. As previously discussed, the defendant's sentencing exposure was substantially reduced as part of his plea agreement. Further, his sentence in this case is to run concurrently with the sentence imposed in his theft case. Accordingly, we find that an adequate basis for this sentence exists in the record. The defendant's sentence for jumping bail, a violation of La.R.S. 14:110.1, is not unconstitutionally excessive.

The defendant's assignment of error is without merit.

## DECREE

The defendant's sentence for jumping bail, a violation of La.R.S. 14:110.1, is affirmed.

**AFFIRMED.**