558 So.2d 1263 (1990)
STATE of Louisiana
v.
Michael GREEN.
No. 88 KA 1945.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
*1264 Cliff Foster, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of La.
Anthony Champagne, Indigent Defender's Bd., Houma, for defendant and appellant, Michael Green.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
The defendant, Michael Green, was charged by bill of information with simple robbery, in violation of LSA-R.S. 14:65. He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of seven years at hard labor. The defendant has appealed, alleging seven assignments of error, as follows:
1. The trial court erred in denying the defendant's motion for a mistrial.
2. The trial court erred in allowing State Exhibit 3 to be admitted into evidence over defense objection.
3. The trial court erred in allowing State Exhibit 2 to be admitted into evidence over defense objection.
4. The verdict of the jury was contrary to the law and the evidence.
5. The trial court erred in denying the defendant's motion for post-verdict judgment of acquittal.
6. The trial court erred in denying the defendant's motion for a new trial.
7. The trial court erred in imposing an excessive sentence.
At approximately 9:15 a.m. on November 25, 1987, the defendant entered Billiu's Meat Market located on Louise Street in Houma, Louisiana. There were two employees in the store at that time. Phyllis Levron was working the cash register at the front counter, and Susan Fields was working behind the meat counter located in the back of the store. Joseph Labit, an employee of Tom's Potato Chips, was also inside the store when the defendant entered. Mr. Labit was filling in a potato chip rack located a few feet from the cash register. The defendant walked to the beer cooler before approaching the cash register. He placed a beer on the counter and handed Ms. Levron a five dollar bill. She rang up the sale; and, when the cash register opened, the defendant suddenly reached inside the register in the area where the twenty dollar bills were kept. Ms. Levron immediately tried to close the cash register drawer, but the defendant's hand was inside. The defendant pulled his hand out in such a manner that it caused the cash register drawer to open again. He grabbed some money and fled out the front door. Mr. Labit heard the commotion and began chasing the defendant down the street. Ms. Levron followed them outside; and Ms. Fields called the police.
The defendant was running so fast that Mr. Labit decided to pursue the defendant in his truck. After a short distance, Mr. Labit observed the defendant stop to count the money. The defendant then ran to the rear of a house and hid behind a stack of wood. Mr. Labit again observed the defendant counting the money. When Mr. Labit circled the block, he flagged down a policeman, Officer Lawrence Holgenstead. He got inside Officer Holgenstead's patrol car and directed him to the area where the *1265 defendant was hiding. When Officer Holgenstead stopped his patrol car and got out, the defendant again fled. Mr. Labit chased the defendant on foot, but lost sight of him on Grand Caillou Road.
As the defendant fled from behind this house, he crossed a field. Officer Holgenstead observed the defendant throw something down or drop something in the field. Officer Freddie Williams saw the defendant as he fled across Grand Caillou Road. He drove around the block and cut off the defendant's escape route. The defendant fled behind a house and hid inside a shed. Officer Holgenstead found the defendant hiding inside the shed and arrested him. The officers searched the defendant and found $90.00 (four $20.00 bills and a $10.00 bill) in his pocket. Officer Holgenstead returned to the field which the defendant had crossed and recovered a black cap in the area where he had seen the defendant throw down or drop something. The defendant was brought back to Billiu's Meat Market and identified as the robber by Ms. Levron, Ms. Fields, and Mr. Labit.
ASSIGNMENT OF ERROR NO. ONE:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial, based on the prosecutor's exercise of a peremptory challenge against a black prospective juror. Relying on La.C.Cr.P. art. 795B and Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the defendant contends that the prosecutor exercised this peremptory challenge solely on the basis of race.
The instant appeal record does not contain a transcript of the voir dire examination of prospective jurors. However, it does contain a transcript of defense counsel's motion for a mistrial, his argument on the motion, the prosecutor's reasons for the exercise of this peremptory challenge, and the trial court's ruling denying the motion.
The defendant, a black male, was tried by a six-person jury. It appears that only one black prospective juror was called, and this juror was peremptorily challenged by the prosecution. After the completion of voir dire, defense counsel objected and requested a mistrial. He argues to this Court that the prosecutor's peremptory challenge against the only black prospective juror prejudiced the defendant and prevented him from obtaining a fair trial on the basis of Batson. However, the prosecutor explained that he challenged this juror because she stated on voir dire that she knew the defendant or had some sort of relationship with him. The prosecutor also stated that this prospective juror had stated that she had voted not guilty while sitting as a juror in an unrelated criminal trial.
We do not believe that the defendant has established a prima facie case of discrimination by the prosecutor. In any event, the reasons stated by the prosecutor for the exercise of this peremptory challenge are racially neutral.[1] Accordingly, the trial court correctly denied the defendant's motion for a mistrial.
This assignment of error is meritless.
ASSIGNMENTS OF ERROR NOS. TWO AND THREE:
In assignment of error number two, the defendant contends that the money seized from him (State Exhibit No. 3) was improperly introduced into evidence. In assignment of error number three, the defendant contends that the black cap found by Officer Holgenstead (State Exhibit No. 2) was improperly introduced into evidence. The defendant objected to both of these exhibits on relevancy grounds. The trial court overruled both objections and permitted the items to be introduced into evidence.
*1266 Relevant evidence is evidence tending to show the commission of the offense and the intent, or tending to negate the commission of the offense and the intent. LSA-R.S. 15:441.[2] Any evidence, whether direct or circumstantial, is relevant if it tends to prove or disprove the existence of a material fact. State v. Williams, 486 So.2d 889, 893 (La.App. 1st Cir.), writ denied, 489 So.2d 915 (La.1986). A trial court has wide discretion in determining the relevancy of evidence, and such a determination will not be overturned on appeal absent a clear abuse of discretion. State v. Washington, 540 So.2d 502, 508 (La.App. 1st Cir.1989).
In his brief to this Court, the defendant contends that these two exhibits were introduced into evidence solely to confuse the jury and prejudice him. He notes that Ms. Levron testified that the defendant placed his hand in the area of the cash register drawer where the $20.00 bills were located. However, her testimony did not rule out the possibility that the defendant took a $10.00 bill, along with several $20.00 bills, from the cash register drawer. Likewise, her testimony did not rule out the possibility that the defendant already had a $10.00 bill in his pocket when he committed this offense.
The defendant also contends that the black cap was improperly introduced into evidence because of conflicting testimony as to whether or not he was wearing such a cap when the robbery occurred. Ms. Levron testified that the defendant was wearing a hat when he entered the store. However, Ms. Fields testified that she did not see the defendant with a hat. Furthermore, the defendant questions whether or not the black cap recovered by Officer Holgenstead was the same object which he saw defendant drop or throw down in the field. However, Officer Holgenstead's testimony indicated that the black cap was the only object in the field in the area where he had seen the defendant drop or throw something down.
Contrary to the defendant's arguments, we find that these items were relevant to the instant case. Money seized from the defendant upon his arrest, which took place shortly after the commission of the crime, was relevant to the issue of whether or not a crime had been committed. Both the money seized from the defendant and the black cap recovered by Officer Holgenstead were relevant to the issue of the defendant's identity as the perpetrator of the offense. Therefore, State Exhibits 2 and 3 were properly admitted into evidence.
For the above reasons, these assignments of error are meritless.
ASSIGNMENTS OF ERROR NOS. FOUR AND FIVE:
In assignment of error number four, the defendant contends that the instant jury verdict was contrary to the law and the evidence. In assignment of error number five, the defendant contends that the trial court erred in denying his motion for post-verdict judgment of acquittal, based on the alleged insufficiency of the evidence.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. State v. Garner, 532 So.2d 429, 432 (La.App. 1st Cir. 1988).
LSA-R.S. 14:65A provides:
Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
The defendant contends that the evidence was insufficient to prove simple robbery *1267 because there was no evidence of the essential element of force or intimidation. Instead, he argues that only a misdemeanor theft took place. We disagree.
Ms. Levron clearly attempted to prevent this robbery by closing the cash register drawer when she realized what the defendant was doing. However, she was unable to close the drawer because the defendant's hand was in it, which caused the drawer to reopen. By leaving his hand in the cash register drawer despite Ms. Levron's attempt to close it and prevent this taking, the defendant used sufficient force to complete the offense of simple robbery.
Defendant also contends that the evidence was insufficient to prove beyond a reasonable doubt that he was the perpetrator of the instant offense. Specifically, the defendant notes the conflicting testimony by the State's witnesses about what the perpetrator was wearing and about where the defendant was located when he was identified by the three witnesses to this crime. The defendant notes that Ms. Levron testified that the perpetrator was wearing a hat, while Ms. Fields and Mr. Labit did not see the perpetrator with a hat. He also notes that Ms. Levron testified that the perpetrator might have been wearing blue jeans, while Mr. Labit testified that he was wearing khaki pants. Ms. Fields testified that she identified the defendant after he was taken out of the police car. Ms. Levron testified that she could not see inside the police car, but saw the defendant when he was taken out of the back seat of the police car. However, Mr. Labit testified that he identified the defendant as the defendant was sitting inside the back seat of the police car. Yet, despite these inconsistencies, from the moment the defendant fled the store until he was arrested, he was almost constantly within sight of either Mr. Labit, Officer Holgenstead, or Officer Williams. Ms. Levron, Ms. Fields and Mr. Labit identified the defendant immediately after he was arrested and returned to the store and again at trial.
After a careful review of the record, we believe that a rational trier of fact, viewing all of the evidence as favorably to the prosecution as any rational factfinder can, could have concluded that the State proved beyond a reasonable doubt that a simple robbery was committed and that the defendant was the perpetrator of this simple robbery.
These assignments of error are meritless.
ASSIGNMENT OF ERROR NO. SIX:
In this assignment of error, defendant contends that the trial court erred in denying his motion for a new trial. The defendant's motion for new trial was based on three grounds: (1) the verdict was contrary to the law and evidence; (2) several rulings by the trial court led to prejudicial and reversible error; and (3) the ends of justice would be served by granting a new trial.
The insufficient evidence argument was addressed in assignments of error numbers four and five and found to be meritless. Although the defendant's brief to this Court does not specify which rulings by the trial court led to reversible error, we presume that he refers to those errors assigned and briefed in this appeal. Having found no merit to those assignments of error, we likewise find no merit to the defendant's accumulation of errors argument. Finally, we note that the denial of a motion for a new trial based on the interests of justice is not reviewable on appeal. State v. Scoby, 536 So.2d 615, 621 (La.App. 1st Cir.1988), writ denied, 540 So.2d 339 (La.1989).
This assignment of error is meritless.
ASSIGNMENT OF ERROR NO. SEVEN:
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La. C.Cr.P. Article 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. *1268 State v. Williams, 521 So.2d 629, 633 (La. App. 1st Cir.1988). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Louis, 496 So.2d 563, 568 (La.App. 1st Cir. 1986).
Before imposing sentence, the trial court noted that the defendant had been convicted of attempted simple robbery in August of 1984 and, therefore, was ineligible for probation. After stating that the defendant was in need of correctional treatment and concluding that any lesser sentence would deprecate the seriousness of the crime, the trial court briefly reviewed the facts of the instant offense.
Simple robbery is punishable by a fine of not more than three thousand dollars, and imprisonment with or without hard labor for not more than seven years, or both. LSA-R.S. 14:65. In the instant case, the defendant received the maximum sentence of seven years at hard labor, but no fine was imposed. This Court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). Apparently, no presentence investigation was ordered. The record contains a document indicating that the defendant was twenty-five years of age when he committed this offense.
The factors guiding the decision of the trial court are necessary for an appellate court to adequately review a sentence for excessiveness and, therefore, should be in the record. Otherwise, a sentence may appear to be arbitrary or excessive and not individualized to the particular defendant. State v. Pike, 426 So.2d 1329, 1335 (La. 1983). When the reasons for an apparently severe sentence in relation to the particular defendant and the actual offense committed do not appear in the record, a sentence may be vacated and remanded for resentencing. State v. Pike, 426 So.2d at 1335. The trial court did state some of the reasons for imposing sentence which are included in Article 894.1. In our view, however, the trial court did not state sufficient reasons to explain or justify the imposition of a maximum sentence for this particular offender and this offense. The minimal use of force in this case was sufficient to convict the defendant of simple robbery, but could not be said to constitute the most serious type of offense in the category of simple robbery. Likewise, although the defendant had a prior felony conviction for attempted simple robbery, it does not appear that he is the worst type of offender in the category of simple robbery. Nevertheless, we do not specifically find this sentence to be excessive. There may be good reasons for imposing the maximum sentence in this case.
The trial court did recite a few of the guidelines enumerated in Article 894.1. However, the trial court did not state that it had considered the defendant's personal history, employment, education, age, etc. We note that the ordering of a presentence investigation lies within the sound discretion of the trial court. La.C.Cr.P. art. 875A(1); State v. Wimberly, 414 So.2d 666, 671 (La.1982). Such a report might prove to be beneficial to the trial court in determining the appropriate sentence to be imposed in this case.
By remanding the case for resentencing, we are simply giving the trial court an opportunity to either reduce the sentence, or state sufficient reasons to justify the imposition of the maximum sentence. Accordingly, the instant sentence is vacated and the case is remanded to the trial court for resentencing.
*1269 For the reasons assigned, the conviction is affirmed. The sentence is vacated and the case is remanded to the district court for resentencing in accordance with this opinion.
CONVICTION AFFIRMED. SENTENCE VACATED AND REMANDED TO THE TRIAL COURT FOR RESENTENCING.
NOTES
[1] We note that, although the voir dire examination of this prospective juror was not included in the instant record, neither during his argument on the motion for a mistrial nor in his brief to this Court did the defendant dispute the prosecutor's statement of reasons for the exercise of this peremptory challenge. It was the motive behind the exercise of this peremptory challenge, and the effect thereof, which the defendant contested.
[2] LSA-R.S. 15:441, which was in effect at the time of the instant trial, was repealed by the new Code of Evidence, which became effective on January 1, 1989. See Act 515 of 1988.