725 So.2d 604 (1998)
STATE of Louisiana
v.
Craig SORENSON.
No. 98 KA 0520.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
*605 Robert Menuet, Assistant District Attorney, Napoleonville, for Appellee, State of Louisiana.
Paula Marx, Lafayette, for Defendant/Appellant, Craig Sorenson.
Before: SHORTESS, C.J., CARTER, and WHIPPLE, JJ.
CARTER, J.
Defendant, Craig Sorenson, was charged by grand jury indictment with the second degree murder of Elvin S. Ware, a violation of LSA-R.S. 14:30.1. Defendant withdrew his initial plea of not guilty and pled guilty to a reduced charge of manslaughter under a plea agreement which also provided for a sentencing cap of twenty-five years for the manslaughter. Defendant was sentenced to twenty-five years in prison. Defendant has appealed, briefing two assignments of error:
1. The trial court erred by imposing an unconstitutionally excessive sentence.
2. The trial court erred by failing to articulate for the record sufficient reasons to justify the sentence imposed.
In his appellate brief, defendant concedes that he entered into a plea agreement which capped his sentence at twenty-five years at hard labor. He takes cognizance of the Supreme Court's holding in State v. Young, 96-0195, p. 7 (La.10/15/96); 680 So.2d 1171, 1175, that LSA-C.Cr.P. art. 881.2, subd. A(2) precludes a defendant from appealing a sentence imposed in accordance with a plea bargain set forth in the record, providing for a specific sentence or a maximum sentence (sentencing cap).[1] Defendant asserts that the restriction of article 881.2, subd. A(2) on the right to appeal is subordinate to the LSA-Const. art. 1, § 19 right to judicial review. He claims that in order for the legislatively imposed rule of a nonappealable sentence to apply, the trial court must obtain from a defendant a knowing, intelligent, and voluntary waiver of the right to judicial review before accepting a guilty plea in the situation covered by article 881.2, subd. A(2). Defendant submits that for this Court to follow State v. Young we need only require the trial court to obtain a waiver of the right to judicial review in the situation to which the article 881.2, subd. A(2) rule relates. Accordingly, defendant concludes that his assignments should be reviewed by this Court, because he was not advised that by agreeing to the sentencing cap he would be precluded from appealing his sentence and he did not waive his right to judicial review when he entered his guilty plea.
We disagree with defendant that the rule of article 881.2, subd. A(2) must yield to the constitutional right to judicial review. Instead, the right to judicial review is circumscribed by reasonable procedural formalities, rules, and requirements such as the rule of nonappealability provided in article 881.2, subd. A(2). See State v. Spain, 329 So.2d 178, 179-80 (La.1976); State v. Marcell, 320 So.2d 195, 198 (La.1975); State v. Reed, 97-812, *606 p. 19 (La.App. 1st Cir.4/8/98); 712 So.2d 572, 582-83; State v. Denomes, 95-1201, p. 8 (La.App. 1st Cir.5/10/96); 674 So.2d 465, 470, writ denied, 96-1455 (La.11/8/96); 683 So.2d 266. See also State v. LeBlanc, 367 So.2d 335, 340 (La.1979); State v. Morris, 292 So.2d 215, 216 (La.1974).
Presently, there is no legal requirement that a trial court obtain a waiver of the right to judicial review as a prerequisite to the applicability of the rule of article 881.2, subd. A(2). See LSA-C.Cr .P. art. 881.2, subd. A(2). See also LSA-C.Cr.P. art. 556.1.[2] We reject any assertion by defendant that we should impose such a requirement jurisprudentially and leave to the Legislature the decision of whether or not there should be such a requirement as a prerequisite to the applicability of article 881.2, subd. A(2). Hence, because defendant agreed to the twenty-five year sentencing cap as part of his plea bargain with the state, he is precluded from appealing his sentence. Consequently, we do not address his assignments of error challenging his sentence as excessive.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] LSA-C.Cr.P. art. 881.2, subd. A(2) provides as follows:

(2) The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
[2] LSA-C.Cr.P. art. 556.1 was enacted by 1997 La. Acts, No. 1061, § 1, which took effect on August 15, 1997, after the entry of defendant's May 9, 1997 guilty plea to the instant offense.