SHORTESS, C.J.
Sheldon Dwight Sibley (Sibley) and Vir-ganna Rae Weber Sibley (Weber) were married in June 1993. Thirteen months later they separated. For the past four years they have been thwarting each other’s efforts to obtain a divorce.
Sibley filed suit for divorce under Louisiana Civil Code article 102 in August 1994. Weber reconvened for an article 102 divorce the following month. Sibley later amended his suit to seek a divorce under Civil Code article 103(2) on the ground of adultery. In August 1995 the trial court granted Sibley an article 103 divorce. Weber appealed, and on May 9, 1997, this court reversed the trial court and remanded the suit for further proceedings.[1] Sibley then filed an ex parte motion to dismiss both his and Weber’s article 102 divorce claims. That motion was granted on May 13,1997.
On May 16, 1997, Weber filed in the original suit a petition for divorce based on article 103(1). She also filed a rule seeking alimony pendente lite for May 1997 that Sibley allegedly refused to pay. The trial court dismissed both the petition and the rule, holding those matters were ancillary to the 102 divorce action, which had been dismissed, and thus Weber was required to file a new action with a new suit number.
Herein Weber appeals the dismissal of her 103(1) action and the rule for arrearages. She contends the trial court erred in finding the article 103(1) action and the rule for arrearages were ancillary to the article 102 claim. Thus, she argues, the court legally erred in dismissing those actions.
Weber also appealed the ex parte dismissal of her article 102 claim in appeal number 97 CA 1912. In that appeal, decided this date, we held the trial court erred in dismissing Weber’s article 102 claim.[2] Because of that determination, we need not decide whether the article 103(1) action and the rule for arrearages were ancillary. The trial court ruled those actions fell because the underlying suit had been dismissed. As that action has now been reinstated, the trial court’s rationale for dismissing those actions falls. Thus, we must reverse the judgment of the trial court dismissing the article 103(1) action and the rule for arrearages and remand this matter to the trial court for further proceedings. Sheldon Dwight Sibley is east for all costs of this appeal.
REVERSED AND REMANDED.
GONZALES, J., concurs in the result.

. Sibley v. Sibley, 96-1544 (La.App. 1st Cir.5/9/97), 693 So.2d 1270.

. Sibley v. Sibley, 97-1912 (La.App. 1st Cir. 12/28/98), 724 So.2d 275.