754 So.2d 1068 (1999)
STATE of Louisiana
v.
Thomas James SHIPP.
No. 98 KA 2670.
Court of Appeal of Louisiana, First Circuit.
September 24, 1999.
*1069 Joseph L. Waitz, Jr., District Attorney, Ellen Daigle Doskey, Kentley Fairchild, Assistant District Attorneys, Houma, for State of Louisiana.
Stephen P. Callahan, Houma, for Defendant/Appellant.
Before: FOIL, FOGG, and GUIDRY, JJ.
GUIDRY, J.
Defendant, Thomas James Shipp, was charged by amended bill of information with theft of property valued in excess of $500.00 (a violation of La. R.S. 14:67) and pled guilty to a reduced charge of unauthorized use of a movable valued in excess of $1,000.00 (a violation of La. R.S. 14:68). The plea bargain set forth in the record provided for the imposition of a sentence of two and one-half years imprisonment at hard labor and a $2,000.00 fine and the reservation of defendant's right to appeal the sentence as excessive.[1] In accordance with the plea agreement, the trial court imposed the agreed upon sentence. Defendant now appeals in a single assignment of error alleging that the trial court erred by failing to comply with the sentencing guidelines in La.C.Cr.P. art. 894.1 and by imposing an excessive sentence.
Louisiana Code of Criminal Procedure article 881.2(A)(2) provides that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."
In State v. Young, 96-0195, p. 5 (La.10/15/96), 680 So.2d 1171, 1174, the Supreme Court held that article 881.2(A)(2) precludes a defendant from appealing a sentence imposed in accordance with a plea bargain set forth in the record providing for a specific sentence or a maximum sentence (sentencing cap).
*1070 This court, in State v. Sorenson, 98-0520 (La.App. 1st Cir.12/28/98), 725 So.2d 604, rejected the defendant's assertion that the article 881.2(A)(2) rule of non-appealability must yield to the La. Const. art. I § 20, right to judicial review. We do not find Young or Sorenson controlling because the case sub judice is factually distinguishable from those cases. In Young and Sorenson, the defendant did not reserve his right to appeal his sentence as did the defendant herein.
As previously stated, defendant's plea bargain provided for a specific sentence and reserved appellate review of the agreed upon sentence. Thus, we must decide the efficacy of such a plea agreement in light of article 881.2(A)(2).
Facing the identical issue, the second and third circuits have taken diametrically opposed positions. In State v. Rice, 26,478 (La.App.2d Cir.12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340, the second circuit concluded a plea bargain providing for a sentencing cap and a reservation of appellate review of any sentence imposed was contrary to article 881 .2(A)(2) and absolutely null, because if enforced, the plea bargain would produce a result prohibited by law and violate a rule of public order.
In State v. Rice, 26-478, at pp. 3-4, 648 So.2d at 428, the second circuit reasoned as follows:
A plea bargain is a contract between the state and one accused of a crime. State v. Nall, 379 So.2d 731 (La.1980); State v. Waguespack, 589 So.2d 1079 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992). In viewing a plea bargain as a contract, the Louisiana Supreme Court has evaluated guilty plea agreements under general Civil Code rules of obligations. See, e.g., State v. Lewis, 539 So.2d 1199 (La.1989).
An obligation or contract cannot exist without a lawful cause. LSA-C.C. Art. 1966. Cause is the reason why a party obligates himself. LSA-C.C. Art. 1967. In the instant case, it is obvious that one of the reasons why the defendant entered the plea bargain was that he would have the right to appeal any sentence the court imposed. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. LSA-C.C. Art. 1968. A contract is absolutely null when it violates a rule of public order. LSA-C.C. Art. 2030. Because the plea agreement, if enforced, would produce a result prohibited by law and violate a rule of public order, it is absolutely null.
Stated differently, the legislature has indicated that in cases where the defendant has agreed to a sentence cap or to a specific sentence, no appeal should lie. If we were to review the sentence and thereby implicitly countenance this bargain which allowed an appeal after an agreed-to sentence, we would circumvent the legislative will. Obviously, then, this device of bargaining for a sentence and preserving the right to appeal would become more and more in use, contrary to the intent of the redactors or the legislature. See CHENEY C. JOSEPH, JR. ET AL, Introduction to LOUISIANA SENTENCING GUIDELINES MANUAL, III(B), 9-11 (West 1993). Therefore, because we conclude we cannot and should not review the defendant's sentence, his plea made with the understanding that he could appeal the bargained-for sentence should be set aside.
In State v. Planco, 96-812 (La.App. 3d Cir.3/26/97), 692 So.2d 666, the third circuit, relying at least in part on La. Const. art. I, § 20, rejected the second circuit's holding in State v. Rice and concluded the legislature could not, through the enactment of article 881.2(A)(2), "defeat the constitutional mandate which allows a criminal defendant the right to appeal his sentence as excessive." State v. Planco, 96-812, at p. 9, 692 So.2d at 671. Thus, the third circuit held that an appeal of a sentence *1071 for excessiveness lies where a defendant plea bargains for a sentencing cap and reserves his right to appeal the sentence.
In State v. Planco, the third circuit quoted from the dissent in State v. Rice as follows:
Finding that a review of defendant's sentence for constitutional excessiveness is "prohibited by law" and "violate[s] a rule of public order" is wrong. The constitution mandates the review and public order is best served by a decision rather than a repeat of the journey down the road already traveled. The contract agreed to by the defendant included his right to appeal any sentence as excessive. Everyone but this court is ready to fulfill that agreement. This case is analogous to State v. Crosby, 338 So.2d 584 (La.1976), and its progeny, which allows defendants to enter qualified guilty pleas while reserving the right to appellate review of pre-plea errors.
State v. Planco, 96-812, at p. 7, 692 So.2d at 670. The third circuit further stated:
We are cognizant of the ruling of the supreme court in Young, 680 So.2d 1171, but do not find it controlling in the case at hand. In Young, the defendant did not reserve his right to appeal his sentence as excessive as did Defendant herein. Further, we would analogize Defendant's reservation of the right to appeal his sentence as excessive to those reservations set forth in State v. Crosby, 338 So.2d 584 (La.1976). To refuse to review the excessiveness of the sentence defeats the very essence of the conditional plea bargain procedure. "The normal function of the procedure is to avoid the delay of a trial on the merits (and the useless cost to the judicial system, the witnesses, the jurors, and the accused) by affording immediate review, without trial on the merits," of a sentence for excessiveness. Id. at 591.
Finally, we find that Article 881.2(A)(1) does not prohibit such a plea agreement, particularly when viewed in the light of the Louisiana Constitution, as interpreted by the Louisiana Supreme Court, which prohibits excessive sentences. Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment," and a sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). If a reviewing court finds that a penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering then that sentence is excessive. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 [96-812 La.App. 3 Cir. 9] So.2d 1233 (La.1989). Therefore, the legislature by legislative act cannot defeat the constitutional mandate which allows a criminal defendant the right to appeal his sentence as excessive. Thus, we find that an appeal lies where a defendant agrees to a sentencing cap with a reservation of his right to appeal the sentence as excessive, and that Article 882(A)(1) does not prohibit an appeal where the defendant makes such a reservation in a plea agreement.
As we have stated, the Louisiana Constitution as interpreted by the Louisiana Supreme Court prohibits excessive punishment. However, the trial court is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
State v. Planco, 96-812, at pp. 8-9, 692 So.2d at 670-671.
The facts in Planco are virtually identical to the facts in the present case with the *1072 exception that the defendant in this case entered into an agreement for a specific term. That factual difference does not displace the sound reasoning of the third circuit. Because we believe that Planco is based on sound reasoning, we adopt that reasoning in reaching our result herein.
In his sole assignment of error, the defendant contends that the trial court failed to comply with Louisiana Code of Criminal Procedure Article 894.1, and the sentence imposed upon the defendant is excessive and constitutes cruel and unusual punishment in this case.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir. 1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
As a result of his guilty plea to the charge of unauthorized use of a movable with a value in excess of $1,000.00, the defendant was exposed to a maximum sentence of imprisonment with or without hard labor for not more than five years, and a fine of not more than $5,000.00, or both.
The factors guiding the decision of the trial court are necessary for an appellate court to adequately review a sentence for excessiveness and, therefore, should be in the record. Otherwise, a sentence may appear to be arbitrary or excessive and not individualized to the particular defendant. State v. Green, 558 So.2d 1263, 1268 (La.App. 1st Cir.), writ denied, 564 So.2d 317 (La.1990). When the reasons for an apparently severe sentence in relation to the particular defendant and the actual offense committed do not appear in the record, a sentence may be vacated and remanded for re-sentencing. State v. Green, 558 So.2d at 1268.
The defendant's rap sheet was entered into evidence. The trial judge questioned the defendant generally about his background. The prosecution questioned the defendant relative to his criminal history. Defense counsel questioned the defendant specifically about his minor daughter of whom the defendant has sole custody and who is on Ritalin. The court gave no indication of how the rap sheet or these areas of inquiry affected his sentence one way or the other.
After a thorough review of the record, it appears the trial court did not supply any reasons for the sentence imposed other than it was what the plea agreement indicated. However, a part of the plea agreement was the reservation of the right to appeal the sentence. Accordingly, we question whether the trial court adequately complied with Article 894.1. While it could be argued that the jail time imposed was warranted, we find no specific reasons presented by the court to justify the instant sentence.
Nevertheless, we do not specifically find this sentence to be excessive. There may be good reasons for imposing the instant sentence in this case. By remanding the case for re-sentencing, we are simply giving the district court an opportunity to either reduce the sentence, or state sufficient reasons to justify the imposition of *1073 the sentence. Accordingly, the instance sentence is vacated and the case is remanded to the district court for re-sentencing.
CONVICTION AFFIRMED. SENTENCE VACATED. REMANDED FOR RE-SENTENCING.
FOIL, J., dissents and assigns reasons.
FOIL, Judge, dissenting.
I respectfully dissent.
I would vacate the guilty plea. I agree with the interpretation of the law as set forth by the Second Circuit.
NOTES
[1] Although the record does not contain a written motion to reconsider sentence or evidence that defendant orally moved for reconsideration of his sentence, we find that peculiar circumstances herein of a plea-bargained sentence and reservation of the right to appeal the sentence on excessiveness grounds obviated the necessity of making or filing such a motion.